# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 26, 2011 Session

## BOBBY J. SPEARS v. WENDY WEATHERALL

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-10-2150     Walter L. Evans, Chancellor**

---

**No. W2011-00690-COA-R3-CV - Filed April 4, 2012**

---

This is a grandparent visitation case. Appellant is the former stepfather of the Appellee. After approximately twenty-five years of marriage, Appellant and Appellee's mother divorced. During the marriage, Appellant maintained a close relationship to Appellee and Appellee's child. Even after the divorce, Appellee allowed Appellant to regularly visit with her child. After Appellee began limiting Appellant's contact with her child, Appellant filed a petition for grandparent visitation. The trial court concluded that Appellant did not fall within the definition of "grandparent" under Tennessee Code Annotated section 36-6-306(e), and dismissed the petition for lack of standing. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed
and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Zachary M. Moore, Mitchell D. Moskovitz, and Adam N. Cohen, Memphis, Tennessee, for the appellant, Bobby J. Spears.

Vickie Hardy Jones, Memphis, Tennessee, for the appellee, Wendy Weatherall.

## OPINION

### I.  Background and Procedural History

The facts relevant to the disposition of this matter are undisputed. Wendy Weatherall is the biological mother of the minor child at issue in this case, born February 12, 2005. Bobby J. Spears, was married to Ms. Weatherall's mother for approximately twenty-five years, and helped raise Ms. Weatherall from the time she was five years old. After Ms.

Weatherall gave birth to her son, Mr. Spears became actively involved in his life as his step-grandfather. Mr. Spears saw Ms. Weatherall's son frequently, often picked him up from daycare and school, and occasionally paid for his private school tuition. Moreover, Ms. Weatherall and her son lived with her mother and Mr. Spears for extended periods of time during their marriage. Mr. Spears is neither the biological or adopted father of Ms. Weatherall.

On November 16, 2009, Mr. Spears and Ms. Weatherall's mother divorced. Although Mr. Spears was no longer her stepfather, Ms. Weatherall permitted Mr. Spears to regularly visit with her son. In July 2010, however, Ms. Weatherall began to severely limit Mr. Spears' contact with her son.

On November 29, 2010, Mr. Spears filed a petition for grandparent visitation in Shelby County Circuit Court. Ms. Weatherall responded by filing a motion to dismiss the petition. In her motion, Ms. Weatherall argued that the trial court was without subject matter jurisdiction to grant Mr. Spears' request for visitation because he lacked standing. Specifically, Ms. Weatherall argued that Mr. Spears lacked standing because he did not fall within the definition of "grandparent" under Tennessee Code Annotated section 36-6-306(e). In response, Mr. Spears argued that the plain language of the statute expressly refuted Ms. Weatherall's argument, and therefore he had standing to seek grandparent visitation.[1]

On February 18, 2011, after conducting a hearing on the motion, the trial court concluded that Mr. Spears lacked standing to bring a claim for grandparent visitation because he did not fall within the definition of "grandparent" under Tennessee Code Annotated § 36-6-306(e). On March 1, 2011, the trial court entered an order dismissing Mr. Spears' petition. Mr. Spears timely filed a notice of appeal to this Court.

## II. Issue Presented and Standard of Review

On appeal, the sole issue for our review is whether Mr. Spears had standing as a "grandparent" to file a petition for grandparent visitation under Tennessee Code Annotated section 36-6-306(e). Whether a party has standing is a question of law. *Cox v. Shell Oil Co.*, 196 S.W.3d 747, 758 (Tenn. Ct. App. 2005) (citations omitted). Likewise, statutory interpretation presents a question of law. *Cnty. of Shelby v. Tompkins*, 241 S.W.3d 500, 505

---

[1]In his response to Ms. Weatherall's motion to dismiss, Mr. Spears attached various greeting cards from Ms. Weatherall and her child referring to him as "dad," "G-Daddy," and "Grandpa." In addition, Mr. Spears attached fifteen separate affidavits from friends and family members, all of which attested that Mr. Spears always held himself out to be the child's grandfather, and that the child always referred to Mr. Spears as his grandfather.

(Tenn. Ct. App. 2007) (citing *Tidwell v. Memphis*, 193 S.W.3d 555, 559 (Tenn. 2006)). As such, our review is *de novo* with no presumption of correctness given to the decision of the court below. Tenn. R. App. P. 13(d); *Tidwell*, 193 S.W.3d at 559.

### III. Analysis

"When a statute creates a cause of action and designates who may bring an action, the issue of standing is interwoven with that of subject matter jurisdiction and becomes a jurisdictional prerequisite." *Osborn v. Marr*, 127 S.W.3d 737, 740 (Tenn. 2004) (citing *Grom v. Burgoon*, 448 Pa. Super. 616, 672 A.2d 823, 824 (1996)). As a result, a court does not have subject matter jurisdiction to hear a petition for grandparent visitation unless the party filing the petition has standing. Tennessee Code Annotated section 36-6-306(e) designates which individuals have standing to file a petition for grandparent visitation. This provision of the Code provides in part:

> [T]he word "grandparent" includes, but is not limited to:
> (1) A biological grandparent;
> (2) The spouse of a biological grandparent; or
> (3) A parent of an adoptive parent.

Tenn. Code Ann. § 36-6-306(e). On appeal, Mr. Spears argues that the phrase "includes, but is not limited to" clearly demonstrates that the three examples provided within the definition of "grandparent" were intended to be illustrative, rather than an exhaustive list, of those individuals who have standing to file a petition for grandparent visitation. In response, Ms. Weatherall argues that a present legal relationship with the child must exist, either by blood, marriage, or adoption, for an individual to have standing to file a petition for grandparent visitation. To resolve this dispute, we must interpret the meaning of "grandparent" as it is defined under Tennessee Code Annotated section 36-6-306(e).

The Tennessee Supreme Court recently summarized the applicable principles for matters involving statutory interpretation as follows:

> When dealing with statutory interpretation, well-defined precepts apply. *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 836 (Tenn. 2008). Our primary objective is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. *In re C.K.G.*, 173 S.W.3d 714, 722

-3-

(Tenn. 2005). When a statute is clear, we apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). Our obligation is simply to enforce the written language. *Abels ex rel. Hunt v. Genie Indus., Inc.*, 202 S.W.3d 99, 102 (Tenn. 2006). When a statute is ambiguous, however, we may refer to the broader statutory scheme, the history of the legislation, or other sources to discern its meaning. *Colonial Pipeline*, 263 S.W.3d at 836. Courts must presume that a legislative body was aware of its prior enactments and knew the state of the law at the time it passed the legislation. *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995).

*Estate of French v. Stratford House*, 333 S.W.3d 546, 554 (Tenn. 2011).

Tennessee Code Annotated section 36-6-306(e) is clear and unambiguous. The statute explicitly provides that the definition of "grandparent" includes a biological grandparent, the spouse of a biological grandparent, and the parent of an adoptive parent. More importantly, the statute specifically states that "it is not limited to" those three groups of individuals.

Recently, in *Lovelace v. Copley,* M2011-00170-COA-R3CV, 2012 WL 368221 (Tenn. Ct. App. Feb. 3, 2012), we examined the "includes, but is not limited to" language at issue in the case at bar. In *Lovelace*, we concluded that an adoptive parent of a child's biological parent fit within the statutory definition of "grandparent" based on the "well-settled [law in Tennessee] that adoptive parents enjoy the same constitutionally protected rights as biological parents." *Id.* at *7. Furthermore, we held that the spouse of that adoptive parent, by virtue of marriage, had the same standing as the spouse of a biological grandparent under Tennessee Code Annotated section 36-6-306(e)(2). *Id.* Judge Kirby, however, in her separate concurrence and partial dissent, emphasized that:

Grandparent visitation statutes must be narrowly construed in order to comport with the state and federal constitutions, because they are in derogation of the parents' fundamental constitutional rights. *See, e.g., In Matter of Rupa*, 161 N.H. 311, 13 A.3d 307, 317 (N.H. 2010). Thus, while the language in Tennessee's statute permits the court to verge slightly beyond the three enumerated subsections defining 'grandparent,' the Constitution requires us to do so with great prudence.

. . . .

[N]owhere in the statutory definition of grandparent is there any language indicating that the quality of the relationship is considered in determining whether the petitioners meet the statutory definition. Rather, the structure and

-4-

language of the statute as a whole show clearly that the court is to first determine whether the petitioners are 'grandparents' within the statutory definition. If the court finds that the petitioners do not fit within the statutory definition of 'grandparent,' the inquiry goes no further. Only if the court finds that the petitioners are 'grandparents' does the court go on to determine 'the presence of a danger of substantial harm to the child,' explicitly considering whether the child had a 'significant existing relationship' with the petitioning grandparents.

*Id.* at \*21-22.

Based upon the foregoing, we conclude that Mr. Spears is not a "grandparent" as defined under Tennessee Code Annotated section 36-6-306(e). Unlike the individuals in *Lovelace*, we find no support for an interpretation that would give a former step-grandparent standing to file a petition for grandparent visitation under the statute. While we are mindful of the relationship between Mr. Spears and his former step-grandchild, any consideration of this relationship in our determination of standing would be "at odds with the language and structure of the grandparent visitation statute," and would be "clearly contrary to the Court's obligation to respect the parents' constitutional right to raise their child as they see fit." *Id.* at \*21-22; *see also Troxel v. Granville*, 530 U.S. 57, 66 (2000); *Hawk v. Hawk*, 855 S.W.2d 573, 577-79 (Tenn. 1993). Accordingly, we find no error in the trial court's dismissal of Mr. Spears' petition for grandparent visitation.

## IV. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are taxed to the Appellant, Bobby J. Spears, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE