IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Briefs March 25, 2015

## IN RE: DAYTON R., ET AL.

**Direct Appeal from the Juvenile Court for Henderson County**
**No. 60201C      Larry J. Logan, Judge**

_____

**No. W2014-01904-COA-R3-JV – Filed April 21, 2015**

_____

This case involves a petition for grandparent visitation filed by the great-grandparents of the children at issue. The trial court concluded that great-grandparents do not qualify as "grandparents" under Tennessee's grandparent visitation statute, Tennessee Code Annotated section 36-6-306. Accordingly, the court concluded that the great-grandparents lacked standing to pursue their petition and dismissed the petition for lack of subject matter jurisdiction. We reverse and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Reversed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Lloyd R. Tatum, Henderson, Tennessee, for the appellants, Samuel M. and Francis M.

Robbie A. M., Lexington, Tennessee. *Pro se*, appellee.[1]

Dayton R., Cedar Grove, Tennessee, *Pro se*, appellee.[2]

## OPINION

### I. FACTS & PROCEDURAL HISTORY

The children at issue in this case Dayton R. and Samuel R., were born in 2003 and

---

[1]Robbie A. M. did not participate on appeal by filing a brief.
[2]Dayton R. did not participate on appeal by filing a brief.

2006, respectively. The children were adjudicated dependent and neglected in 2007. The maternal and biological great-grandparents of the children, Samuel M. and Francis M. (hereinafter "Mr. and Mrs. M." or "the great-grandparents"), were awarded temporary custody. The children resided with Mr. and Mrs. M. for the next six years. The biological parents petitioned for custody of the children and were awarded custody in March 2014. The court found no clear and convincing evidence that restoring custody to the biological parents would pose a substantial risk of harm to the children, then ages 11 and 7.

Mr. and Mrs. M. filed a petition for grandparent visitation on March 31, 2014, seeking to establish visitation with the children. The biological parents filed separate responses to the petition, opposing any award of visitation. Among other things, the children's mother asserted that great-grandparents do not have standing to seek grandparent visitation pursuant to Tennessee's grandparent visitation statute, Tenn. Code Ann. § 36-6-306, and therefore, she argued, the trial court lacked subject matter jurisdiction to adjudicate the great-grandparents' claim.

The trial court held a hearing on the petition in June 2014. On September 9, 2014, the court entered an order finding that "as great-grandparents, [Mr. and Mrs. M.] do not fall within the definition of grandparents under Tennessee law." As such, the trial court concluded that the great-grandparents lacked standing to petition the court for visitation rights, and the court did not have subject matter jurisdiction to award visitation to Mr. and Mrs. M. Upon dismissal of their petition, Mr. and Mrs. M. timely filed a notice of appeal to this Court.

## II. ISSUES PRESENTED

Mr. and Mrs. M. present the following issues, as slightly re-worded, for review on appeal:

1.      Whether the trial court erred in denying the petition for grandparent visitation because Mr. and Mrs. M. are great-grandparents;

2.      Whether the trial court erred in refusing visitation between Mr. and Mrs. M. and their great-grandchildren when substantial harm to the children would result from the denial of same.

For the following reasons, we reverse the decision of the juvenile court and remand for further proceedings.

## III. DISCUSSION

"As the result of lobbying by advocates of grandparents' rights and senior citizens, all fifty states now have laws providing for an order of visitation by grandparents under certain circumstances." 69 Am. Jur. *Proof of Facts* 3d 281 (2015); *see also Troxel v. Granville*, 530 U.S. 57, 73 (2000) ("All 50 States have statutes that provide for grandparent visitation in some form."). However, the nature of grandparent visitation statutes varies significantly from state to state. Some states allow great-grandparents to petition for visitation under their grandparent visitation statutes. 69 Am. Jur. *Proof of Facts* 3d 281 (2015). Some of these states have grandparent visitation statutes that explicitly refer to visitation by grandparents or great-grandparents. *See, e.g.*, Ariz. Rev. Stat. Ann. § 25-409 (referring to "grandparent or great-grandparent" visitation); Ark. Code Ann. § 9-13-103 (authorizing a petition by a "grandparent or great-grandparent"); Colo. Rev. Stat. Ann. § 19-1-117 (same); Idaho Code Ann. § 32-719 (referring to visitation rights of "grandparents or great-grandparents"); 750 Ill. Comp. Stat. 5/607 (listing great-grandparents among those with standing to file a petition); Iowa Code Ann. § 600C.1 (authorizing a petition by a "grandparent or great-grandparent"); Minn. Stat. § 257C.08 ("grandparents or great-grandparents may petition" for visitation); Nev. Rev. Stat. § 125C.050 (authorizing visitation for "great-grandparents and grandparents"); N.D. Cent. Code § 14-09-05.1 (providing that "grandparents and great-grandparents" may be granted visitation); 23 Pa. Cons. Stat. Ann. § 5325 (authorizing an action by "grandparents and great-grandparents"); Wis. Stat. § 767.43 (listing a great-grandparent among those with standing). Other states that recognize great-grandparent visitation have grandparent visitation statutes that expressly define the term "grandparent" to include great-grandparents. *See, e.g.*, Conn. Gen. Stat. Ann. § 46b-59 ("'Grandparent' means a grandparent or great-grandparent related to a minor child" by blood, marriage, or adoption); Fla. Stat. Ann. § 752.001 ("the term 'grandparent' shall include great-grandparent"); N.M. Stat. Ann. § 40-9-1.1 ("'grandparent' means: A. the biological grandparent or great-grandparent of a minor child; or B. a person who becomes a grandparent or great-grandparent due to [adoption]"); 43 Okl. Stat. Ann. § 109.4 ("the term 'grandparent' shall include 'great-grandparent'").

At the other end of the spectrum, some states have statutes that expressly define "grandparent" in a manner that excludes great-grandparents. *See, e.g.*, Ala. Code § 30-3-4.1 ("the term 'grandparent' means the parent of a parent of a minor child . . . ."); Neb. Rev. St. § 43-1801 ("grandparent shall mean the biological or adoptive parent of a minor child's biological or adoptive parent"); *see also* Miss. Code Ann. § 93-16-3 (failing to explicitly define "grandparent" but stating that a petition may be filed by "either parent of the child's parents").

In some states, courts have examined grandparent visitation statutes that simply

use the term "grandparents," with no definition of the term or mention of great-grandparents, and concluded that great-grandparents do not fall within the plain meaning of the term grandparents. *See, e.g.*, *Hammons v. Jenkins-Griffith*, 764 N.E.2d 303, 305-306 (Ind. Ct. App. 2002) ("we decline to expand the plain meaning of the statute by including great-grandparents as 'grandparents'"); *Skov v. Wicker*, 32 P.3d 1122, 1127-28 (Kan. 2001) (strictly construing the term "grandparents" to conclude that great-grandparents are not included); *Cole v. Thomas,* 735 S.W.2d 333, 334-35 (Ky. Ct. App. 1987) ("our legislature has attempted to sharply limit those with the right to file such a petition to four people, the child's four grandparents").

Tennessee's grandparent visitation statute is unique. It provides a mechanism for a grandparent to file a petition for visitation and includes the following guidance with regard to the term "grandparent":

> (e) Notwithstanding any law to the contrary, as used in this section and in § 36-6-307, with regard to the petitioned child, the word "grandparent" *includes, but is not limited to*:
> (1) A biological grandparent;
> (2) The spouse of a biological grandparent; or
> (3) A parent of an adoptive parent.

Tenn. Code Ann. § 36-6-306 (emphasis added).

The original version of the grandparent visitation statute did not include this provision. Prior to the addition of subsection (e), in *McClure v. McClure*, No. W1998-00804-COA-R3-CV, 2000 WL 286726, at *6 (Tenn. Ct. App. Mar. 2, 2000), a trial court awarded visitation to a great-grandmother, and this Court reversed the award on appeal, finding that the grandparent visitation statute "addresses visitation for the child's grandparent, not the great-grandparent." *Id.* at *5 n.1. We found "no statutory basis" for an award of visitation to a great-grandparent. *Id.* at *6.

Effective May 18, 2004, the grandparent visitation statute was amended to add subsection (e), stating that a "grandparent" includes, *but is not limited to*, a biological grandparent, the spouse of a biological grandparent, or a parent of an adoptive parent. 2004 Tenn. Laws Pub. Ch. 691.

In *Lovlace v. Copley*, 418 S.W.3d 1 (Tenn. 2013), the Tennessee Supreme Court considered the issue of standing under Tennessee's grandparent visitation statute. The petition was filed by the adoptive parent of the minor child's father and by the husband of the adoptive parent of the minor child's father. *Id.* at 8. In other words, the petitioners asserting grandparent visitation rights were the child's biological father's adoptive

mother and her husband. The child's parents asserted that the petitioners lacked standing because they did not qualify as "grandparents" under the grandparent visitation statute, Tenn. Code Ann. § 36-6-306. *Id.* at 17. They pointed out that neither petitioner had a biological connection to the child. *Id.*

The supreme court first addressed the importance of the issue of standing. "'When a statute creates a cause of action and designates who may bring an action, the issue of standing is interwoven with that of subject matter jurisdiction and becomes a jurisdictional prerequisite.'" *Id.* (quoting *Osborn v. Marr*, 127 S.W.3d 737, 740 (Tenn. 2004)). The court noted that Tennessee's grandparent visitation statute "applies only to persons who satisfy the statutory definition of the term 'grandparent.'" *Id.* "'As a result,'" the court explained, "'a court does not have subject matter jurisdiction to hear a petition for grandparent visitation unless the party filing the petition has standing.'" *Id.* (quoting *Spears v. Weatherall*, 385 S.W.3d 547, 549 (Tenn. Ct. App. 2012)).

Next, the court analyzed the relevant statutory language as follows:

> Tennessee Code Annotated section 36-6-306(e) is unambiguous. Its use of the phrase "includes, but is not limited to," in conjunction with three categories of persons who qualify as a "grandparent," clearly evinces the Legislature's intent *not* to limit the statutory definition of "grandparent" to only the three listed categories. The phrases, "includes, but is not limited to" and "including but not limited to," are generally deemed to be terms of enlargement, not of restriction. See *Owings v. Owings*, No. W2005-01233-COA-R3-CV, 2006 WL 3410702, at *8 (Tenn. Ct. App. Nov. 27, 2006) (interpreting the Child Support Guidelines' use of the phrase "including but not limited to" as supporting a broad definition of gross income, not limited to the enumerated categories); *Raybon v. McElrath*, No. M2001-01295-COA-R3-JV, 2003 WL 22401276, at *2 (Tenn. Ct. App. Oct. 22, 2003) (same); see also *Moore v. Nashville Elec. Power Bd.*, 72 S.W.3d 643, 650 n. 5 (Tenn. Ct. App. 2001) (interpreting the Tennessee Human Rights Act's use of the phrase "including but not limited to" as providing an "extensive" list of remedies). Indeed, even when "including" is used alone in conjunction with a list of items, it serves as a term of enlargement, not one of restriction. "When a statutory definition states that it 'includes' specific items, we have held that the 'enumerated items are illustrative, not exclusive.'" *State v. Marshall*, 319 S.W.3d 558, 561 (Tenn. 2010) (quoting *Gragg v. Gragg*, 12 S.W.3d 412, 415 (Tenn. 2000)).

> The statutory definition of "grandparent" includes two categories that do not require proof of a biological relationship with the child. Mrs.

Lovlace, as the adoptive parent of the minor child's biological father, and Mr. Lovlace, as the stepparent of the minor child's biological father, qualify as "grandparents" under the expansive definition of the term "grandparent" used in the Grandparent Visitation Statute. Thus, we hold that the Lovlaces have standing and, as a result, the trial court had subject matter jurisdiction.

*Id.* at 18-19.

Tennessee's grandparent visitation statute continues to apply in the event that a relative or stepparent adopts the child. Tenn. Code Ann. § 36-6-306(d)(1). Accordingly, we have held that grandparents had standing to petition the court for grandparent visitation despite the fact that the grandparents' son, the biological father of the minor child at issue, had allowed his parental rights to be terminated, and the child had been adopted by his step-father.[3] *McGarity v. Jerrolds,* 429 S.W.3d 562, 569 n.2 (Tenn. Ct. App. 2013).

Clearly, the Tennessee General Assembly did not intend to enact the type of grandparent visitation statute that would grant standing to only four grandparents. The statute lists three different categories of persons who qualify as grandparents, as illustrative examples, and it goes on to state that the term "grandparents" is not limited to those categories. This "clearly evinces the Legislature's intent *not* to limit the statutory definition of 'grandparent' to only the three listed categories." *Lovlace*, 418 S.W.3d at 18. Rather, the Legislature's wording in Section 36-6-306(e)(1) indicates an intent to provide standing to lineal ancestors, or grandparents who are biologically related to the child. In this case, there is no dispute that Mr. and Mrs. M. are lineal ancestors of the children, are biologically related to them, and, therefore, are within the same group of people contemplated in Section 36-6-306(e)(1). Considering "the expansive definition of the term 'grandparent' used in the Grandparent Visitation Statute," *id.*, we hold that Mr. and Mrs. M., as great-grandparents of the children, have standing to seek grandparent visitation, and, as a result, the trial court had subject matter jurisdiction over their petition. We express no opinion as to the merits of Mr. and Mrs. M.'s petition and remand for the trial court to render an opinion as to that issue.

## IV. CONCLUSION

For the aforementioned reasons, the decision of the juvenile court is hereby

---

[3]In two other cases, we held that petitioners failed to qualify as "grandparents" within the meaning of Tennessee's grandparent visitation statute. *See Spears*, 385 S.W.3d at 550-551 (concluding that a *former* step-grandparent lacked standing under the statute); *In re B.E.D.*, No. W2003-02026-COA-R3-JV, 2004 WL 572342, at *2 (Tenn. Ct. App. Mar. 22, 2004) (finding no statutory authority, under the grandparent visitation statute or otherwise, for granting visitation rights to an adult sibling).

reversed and remanded for further proceedings. Costs of this appeal are taxed to the appellees, Robbie A. M. and Dayton R., for which execution may issue if necessary.

_____

BRANDON O. GIBSON, JUDGE