IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 5, 2024

**ROGER JUDD ET AL. V. KAYLEE POWELL ET AL.**

**Appeal from the Juvenile Court for Putnam County**
**No. 23-VIS-3          Steven D. Qualls, Judge**
_____

**No. M2024-00319-COA-R3-JV**
_____

This appeal arises out of a petition filed by Roger and Regina Judd (collectively, "Appellants") seeking grandparent visitation with three minor children, Appellants' grandchildren. Kaylee and Spencer Powell (collectively, "Appellees") filed their answer to the petition, claiming that Appellants lacked standing to bring their request. The Putnam County Juvenile Court ("juvenile court") dismissed Appellants' petition for failure to state a claim based on lack of standing. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which W. NEAL MCBRAYER and CARMA DENNIS MCGEE, JJ., joined.

Melanie Lane Dimond, Jamestown, Tennessee, for the appellants, Roger Judd and Regina Judd.

Lindsay Cameron Gross and Selena L. Flatt, Cookeville, Tennessee, for the appellees, Kaylee Powell and Spencer Powell.

**OPINION**

**BACKGROUND**

Appellants are the biological maternal grandparents of three minor children. Appellees are the adoptive parents of the minor children. The children were removed from their mother's custody by the Department of Children's Services (DCS) in December of 2022 and placed in the custody of Appellees, who ultimately adopted the children. No court order has ever existed granting visitation rights to Appellants.

On September 11, 2023, Appellants, acting *pro se*, filed a "Petition for enforcement of Grandparents visitation rights pursuant to Tennessee Code § 36-6-306 (2021) Statute" in the juvenile court. In their petition, Appellants aver that Appellees withheld visitation of the children, claiming that they had not seen them for six months at the time the petition was filed. Consequently, Appellants requested visitation rights with the children for one weekend per month, citing Tennessee's "grandparent visitation statute," Tennessee Code Annotated section 36-6-306. On October 11, 2023, Appellees filed an answer to Appellants' petition, in which they requested that the petition be dismissed for failure to state a claim for which relief could be granted, asserting that Appellants lacked standing.

On October 17, 2023, the matter came before the juvenile court on Appellants' petition for visitation and Appellees' motion to dismiss. The juvenile court dismissed the petition and granted the motion to dismiss, holding as follows:

> The Court, after hearing statements from Plaintiffs, Defendants and Defendant's counsel, ordered the matter dismissed for failure to state a claim for which relief could be granted due to the Plaintiffs having no standing to bring the matter. More specifically, the Court found that there was no prior Court Order allowing visitation prior to adoption and that the familia[l] relationship was not such that would allow grandparent visitation to be ordered by statute.

Appellees subsequently moved for their attorney's fees to be assessed against Appellants.

Appellants, still *pro se* at the time, filed several miscellaneous pleadings over the next few months: (1) a "Motion for Dismissal" of attorney's fees; (2) a "Motion for Permission to File an Amended Complaint"; and (3) a "Motion for Change of Venue." Included in their motion for change of venue was a "Petition for Reversal of Fraudulent Adoption."

On January 30, 2024, the juvenile court held a hearing regarding Appellants' motions to amend their complaint and for a change of venue and denied those motions. The court upheld its October 17, 2023 order and awarded Appellees their attorney fees, to be paid by Appellants.

The juvenile court later entered an Amended Final Order on April 17, 2024, which provides as follows:

> The Plaintiffs filed their Petition for Grandparent Visitation on September 11, 2023. This matter came for the first hearing on October 17, 2023, and at that time the matter was dismissed since the Plaintiffs lacked standing. It was admitted by the Plaintiffs that they did not have any court ordered visits with their three grandchildren at the time the adoption was

completed and the adoption was by the Defendants, who are non-relatives of the Plaintiffs or the biological parents. Therefore, as stated in the Order of October 17, 2023, the Plaintiffs are precluded from seeking grandparent visitation from the non-relative adoptive parents.

T.C.A. 36-6-306(d)(1) & (2) clearly state[] that "*(1) notwithstanding § 36-1-121, if a relative or stepparent adopts a child, this section applies. **(2) If a person other than a relative or a stepparent adopts a child, any visitation rights granted pursuant to this section before the adoption of the child shall automatically end upon such adoption.***"

The Defendants, Kaylee Powell and Spencer Powell, were not relatives or stepparents so any grandparent visitation rights the Plaintiff grandparents may have had, terminated upon the adoption in the Chancery Court for Putnam County.

Thereafter, the Plaintiff's [sic] filed a Motion of Dismissal on November 16, 2023, regarding the reimbursement of attorney's fees being sought by the Defendants, which had been reserved by the Court. The Court finds that the Plaintiff's [sic] continued filing miscellaneous pleadings when the Court advised that it had no appellant [sic] jurisdiction over a Department of Children's Services termination matter that was long concluded and certainly had no jurisdiction over the Chancery Court Final Adoption, and that they lacked standing.

The Plaintiff's [sic] filed a "Motion for Change of Venue" on December 28, 2023, asking this Court to hear the entire matter after they apparently filed a very similar action in the Chancery Court for Putnam County. The Court finds that this was an improper pleading and it is dismissed. The Plaintiffs could have simply dismissed the Chancery Court action that they allegedly filed.

The Plaintiff's [sic] filed another *pro se* "Petition for Reversal of Fraudulent Adoption" on January 11, 2024. This was basically a 2 page pleading reciting allegations from the "fraudulent adoption" apparently perpetrated by the Department of Children's Services. Again, the Court obviously finds that it has no appellate jurisdiction over a DCS case that was heard and finalized in another court months ago or an appeal of a subsequent Final Adoption from the Chancery Court of Putnam County, Tennessee.

Based upon the above findings of fact and conclusions of law, the case is dismissed for lack of standing and failure to state a claim for which relief may be granted. Although the Court is sympathetic to the Plaintiffs, they

were advised that they had no standing in this Court and they had failed to state a claim upon which relief could be granted and they chose to continue pursuing, thus increasing the attorney's fees for the Defendants. Therefore, the Defendants are entitled to their reimbursement of reasonable attorney's fees in the amount of $2,750.00 as referenced by counsel's affidavit of her time, and shall be assessed as court costs.

## ISSUES

Appellants raise two issues on appeal: (1) Whether the trial court erred in concluding that Appellants do not have standing to seek grandparent visitation; and (2) Whether the trial court erred in awarding attorney's fees to Appellees. Appellees seek an award of their attorney's fees on appeal.

## STANDARD OF REVIEW

This case was resolved by an order dismissing Appellants' petition for failure to state a claim pursuant to Tennessee Rule of Civil Procedure 12.02(6). Our review of a motion to dismiss based on standing is "de novo with no presumption of correctness." *Metro. Gov't of Nashville & Davidson Cnty. v. Tenn. Dep't of Educ.*, 645 S.W.3d 141, 147 (Tenn. 2022). We "presume[] all factual allegations to be true and construe[] them in favor of the plaintiff[s]," including those factual allegations regarding standing. *Id.* at 147–48.

## DISCUSSION

### Standing

The juvenile court determined that Appellants did not have standing in this matter. "The doctrine of standing is used to determine whether a particular plaintiff is entitled to judicial relief." *The Metro. Gov't of Nashville v. The Bd. of Zoning Appeals of Nashville*, 477 S.W.3d 750, 755 (Tenn. 2015) (citing *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976)). Standing assesses "whether a party has a sufficiently personal stake in a matter at issue to warrant a judicial resolution of the dispute." *Id.* at 755 (citing *SunTrust Bank, Nashville v. Johnson*, 46 S.W.3d 216, 222 (Tenn. Ct. App. 2000)). "When a statute creates a cause of action and designates who may bring an action, the issue of standing is interwoven with that of subject matter jurisdiction and becomes a jurisdictional prerequisite." *Osborn v. Marr*, 127 S.W.3d 737, 740 (Tenn. 2004). A court does not have subject matter jurisdiction to hear a petition for grandparent visitation unless the party filing the petition has standing. *See Spears v. Weatherall*, 385 S.W.3d 547, 549 (Tenn. Ct. App. 2012).

Tennessee Code Annotated section 36-6-306(a) allows grandparents to pursue court-ordered visitation with their minor grandchildren if visitation "is opposed by the

custodial parent or parents or custodian or if the grandparent visitation has been severely reduced by the custodial parent or parents or custodian[.]" Importantly, the statute explicitly limits its application to situations when a relative adopts the children at issue: "Notwithstanding § 36-1-121, if a relative or stepparent adopts a child, this section applies." Tenn. Code Ann. § 36-6-306(d)(1).[1] On the other hand, "[i]f a person other than a relative or a stepparent adopts a child, any visitation rights granted pursuant to this section before the adoption of the child shall automatically end upon such adoption." Tenn. Code Ann. § 36-6-306(d)(2). Additionally, section 36-6-302(a)(1)(A)-(B) provides recourse for grandparents seeking visitation rights after a child is removed from custody of the parents and "placed in a … facility operated by a licensed child care agency … or otherwise[.]" Again, however, "[t]his section shall not apply in any case in which the child has been adopted by any person other than a stepparent or other relative of the child." Tenn. Code Ann. § 36-6-302(b). Thus, the statute clearly provides recourse to grandparents only when the grandchildren are adopted by a relative or stepparent.

Our case law confirms the plain language of the statute. The statute's application was addressed in *Seibers v. Latimer*, No. E2017-01285-COA-R3-CV, 2018 WL 2383717, at *4 (Tenn. Ct. App. May 25, 2018). In that case, the maternal grandparents petitioned for visitation of their grandchildren. The grandchildren had been removed by DCS and placed in the custody of their paternal grandparents, who ultimately sought to adopt the children. In applying the statute, this Court noted that if the children had been placed outside of a familial home, this "would prevent application of the statute." *Id. at *4. As this Court succinctly held, "[w]hen children are adopted by people who are not relatives or step-parents, the standards of Tennessee Code Annotated section 36-6-302 do not apply." *Id.* at *5.

As the party seeking visitation, it is incumbent upon Appellants to establish that they have standing under the statute. *Metro. Gov't of Nashville & Davidson Cnty.*, 645 S.W.3d at 147. The Appellants' petition falls short in this regard. In fact, the only document in the record that speaks to the relationship between Appellees and the children is the description in one of Appellants' pleadings that Appellee Kaylee Powell was the "trusted babysitter" of the children. Appellants simply failed to allege that they were entitled to relief under the grandparent visitation statute. As such, we affirm the juvenile court's determination that Appellants lacked standing.

---

[1] Tennessee Code Annotated § 36-1-121(f) provides that "[a] final order of adoption of a child cannot require the adoptive parent to permit visitation by any other person, nor can the final order of adoption place any conditions on the adoption of the child by the adoptive parent."

*Attorney's Fees*

Appellants also argue on appeal that the trial court erred in awarding attorney's fees to Appellees.[2]  Tennessee Code Annotated § 20-12-119(c)(1) provides that

> [n]otwithstanding subsection (a) or (b), in a civil proceeding, where a trial court grants a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief may be granted, the court shall award the party or parties against whom the dismissed claims were pending at the time the successful motion to dismiss was granted the costs and reasonable and necessary attorney's fees incurred in the proceedings as a consequence of the dismissed claims by that party or parties. The awarded costs and fees shall be paid by the party or parties whose claim or claims were dismissed as a result of the granted motion to dismiss.

Section 20-12-119(c)(5)(D) exempts pro se litigants "except where the court also finds that the pro se party acted unreasonably in bringing, or refusing to voluntarily withdraw, the dismissed claim[.]"  This is precisely what the juvenile court found in the present case, as Appellants continued to file miscellaneous pleadings despite the juvenile court's holding that Appellants lacked standing and that the court lacked jurisdiction.  We agree with the juvenile court's decision that attorney's fees should be awarded under these circumstances, despite Appellants' *pro se* status during the time of some of the filings.

Appellees seek their attorney's fees on appeal pursuant to Tennessee Code Annotated section 20-12-119(c)(3).  However, we have previously held that the foregoing statute does not authorize an award of attorney's fees on appeal. *See First Cmty. Mortg., Inc. v. Appraisal Serv. Grp., Inc.*, 644 S.W.3d 354, 368 (Tenn. Ct. App. 2021) ("…[W]e conclude that Tennessee law does not provide that attorney's fees for appellate work are authorized under section 20-12-119(c) in the absence of an explicit provision providing for that relief.").  Accordingly, we deny Appellees' request.

---

[2] We note that Tennessee Code Annotated section 20-12-119(c)(3) provides that "[a]n award of costs pursuant to this subsection (c) shall be made only after all appeals of the issue of the granting of the motion to dismiss have been exhausted and if the final outcome is the granting of the motion to dismiss. The award of costs and attorneys' fees pursuant to this section shall be stayed until a final decision which is not subject to appeal is rendered."  The juvenile court's award of attorney's fees was, accordingly, premature.  However, in the interest of judicial economy, we exercise our discretion and address the award of attorney's fees in this appeal.

**CONCLUSION**

The judgment of the Putnam County Juvenile Court is hereby affirmed. The costs of this appeal are taxed to the Appellants, Roger and Regina Judd, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE